## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHAD STAR TAYLOR,** | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-22-218-G |
| | ) |
| **SCOTT CROW,** | ) |
| | ) |
|     Respondent. | ) |

## **ORDER**

Petitioner Chad Star Taylor, a state prisoner appearing pro se, initiated this action on March 16, 2022, seeking federal habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda Maxfield Green for initial proceedings. Now at issue is Judge Green's Report and Recommendation (Doc. No. 8). On July 22, 2022, Petitioner timely filed his Objection to the Report and Recommendation (Doc. No. 9).

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

    *I.    The Report and Recommendation*

Petitioner seeks habeas relief under 28 U.S.C. § 2254 from his state-court criminal convictions and sentences, arguing that pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452

(2020), the State of Oklahoma did not have subject-matter jurisdiction to prosecute him. *See* Pet. at 5-11.

As noted by Judge Green, a one-year period of limitation applies to any "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitations period generally runs from the date on which the state-court judgment became "final" under § 2244(d)(1)(A). *Id.* § 2244(d)(1)(A); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

On September 7, 2018, Petitioner pled guilty in Oklahoma County District Court to the following charges: 1) possession of a controlled substance with intent to distribute; 2) possession of an offensive weapon while committing a felony; 3) assault and battery with a deadly weapon; and 4) accessory to a felony, to wit: manslaughter in the first degree. Pet. at 1.[1] The state court sentenced Petitioner on all counts on November 15, 2018. *See id*. On June 22, 2021, Petitioner filed an Application for Post-Conviction Relief, which the state court denied. *See* Pet. at 3. Petitioner appealed the state district court's denial, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial on November 30, 2021. *See Taylor v. State of Oklahoma*, PC-2021-858 (Okla. Crim. App.)

Because Petitioner did not move to withdraw his guilty plea or otherwise seek relief, his conviction became final on or about November 26, 2018, the next business day following the 10 days after the state district court pronounced Petitioner's judgment and

---

[1]*See also State v. Taylor*, CF-2015-5477 (Okla. Cnty. Dist. Ct.) (Counts One and Two); *State v. Taylor*, CF-2015-6556 (Okla. Cnty. Dist. Ct.) (Count Three); *State v. Taylor*, CF-2018-59 (Okla. Cnty. Dist. Ct.) (Count Four). The state-court docket for each case is publicly available at https://www.oscn.net (last visited March 31, 2023).

2

sentence. *See* Okla. Ct. of Crim. Appeals ("OCCA") R. 1.5, 4.2(A); Okla. Stat. tit. 12, § 2006(A)(1); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). Consequently, pursuant to 28 U.S.C. 2244(d)(1)(A), Petitioner's one-year statute of limitations began to run the following day, and, absent any tolling, expired on or about November 27, 2019. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003).

Judge Green therefore concluded that this habeas action was untimely filed under 28 U.S.C. § 2244(d). *See* R. & R. at 4-8. The R. & R. further determined that neither statutory nor equitable tolling applied, and so the claims raised in the Petition should be dismissed. *See id.* at 9; *see also Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008).

II. *Petitioner's Objection*

Liberally construed, Petitioner's objection only re-urges arguments made in his Petition regarding the State of Oklahoma's lack of jurisdiction over his criminal prosecutions. *See* Pet'r's Obj. (Doc. No. 9) at 1-3. Petitioner does not address Judge Green's recommendation to dismiss the Petition for untimeliness, but he still requests that "the Court not accept the recommendation, and address the issue of the State's right of jurisdiction in his case." *Id.* at 3. "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). "As with any other habeas claim," however, § 2254 claims predicated on the convicting court's lack of jurisdiction are "subject to dismissal for untimeliness." *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011); *accord United States v. Patrick*, 264 F. App'x 693, 695-96 (10th

3

Cir. 2008). Accordingly, district courts consistently hold that § 2244(d)'s timeliness limitations apply to habeas actions seeking relief under McGirt. *See, e.g.*, *Jones v. Pettigrew*, No. CIV-18-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021); *Harcourt v. Dennis*, No. CIV-22-113-PRW, 2022 WL 2665957, at *6 (W.D. Okla. July 11, 2022). Petitioner's habeas action is therefore untimely under 28 U.S.C. § 2244(d)(1)(A) and must be dismissed.

### III.   *Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

### CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 8) is ADOPTED, and the Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as untimely.

It is further ORDERED that a certificate of appealability is DENIED. A separate judgment shall be entered.

IT IS SO ORDERED this 31st day of March, 2023.

CHARLES B. GOODWIN
United States District Judge